**In the Matter of the Application for the DISCIPLINE OF B.J. LOFTSGAARDEN, an Attorney at Law of the State of Minnesota.**

No. CO–83–658.

Supreme Court of Minnesota.

Jan. 15, 1985.

## ORDER

The above entitled matter comes before this court upon the stipulation of the parties which provides as follows:

WHEREAS, Respondent has concluded it is in his best interest to enter into this Stipulation,

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the undersigned as follows:

1. Respondent understands that he has certain rights pursuant to Rule 14, Rules on Lawyers Professional Responsibility (RLPR). He waives these rights, which include the right to a hearing before a Referee on the Director's May 26, 1983, petition for disciplinary action; to have the Referee make findings and conclusions and a recommended disposition; to contest such findings and conclusions; and to a hearing before the Supreme Court upon the record, briefs and arguments.

2. For purposes of this proceeding only, Respondent withdraws his Answer in this matter and for purposes of this disposition admits the allegations of the Director's petition, except that Respondent states:

a. That he has not actively engaged in the practice of law since 1970 at which time he ceased operating a law office and terminated the listing under "attorneys" in the Yellow Pages.

b. That although he denies that he knowingly made any of the material representations as found by the Federal Court and alleged by the Director, Respondent agrees not to contest the assertion that his actions constitute a violation of DR 1–102(A)(4).

c. The motel development project, which is the subject of the petition's allegations, was successful for a time, in that it was built and operated for more than two years before Respondent disassociated himself from the project.

d. That he received no profit and, in fact, suffered losses in excess of $50,-000.00 from the project.

3. The allegations of the petition may be summarized as follows:

a. Respondent and his business organizations acted as developer of a motel project in Rochester, Minnesota.

b. Respondent circulated an Offering Memorandum in connection with the project in 1973.

c. In Federal Court litigation, findings were made and affirmed on appeal that Respondent had, in connection with the Offering Memorandum, knowingly misrepresented and omitted to state certain material facts in the Offering Memorandum. The most important misrepresentations and omissions, alleged in the petition, had to do with the financing interest rate, the completion date of the project, the amount of expected developer's profit and the holding of investment funds in escrow.

d. Respondent is not alleged to have profited from the project.

4. The Director recommends that pursuant to Rule 15, RLPR, the appropriate discipline is a public reprimand. Subject to Rule 13(b), RLPR, Respondent does not contest this recommendation.

5. Within two weeks of the Court imposing such discipline, Respondent shall pay the Director as costs in this matter $500, pursuant to Rule 24(a), RLPR.

6. This Stipulation is entered into by Respondent freely and voluntarily, without any coercion, duress or representa-

tions by any person except as contained herein.

7. Respondent has been advised by the undersigned counsel concerning this Stipulation and these proceedings generally.

8. Respondent hereby acknowledges receipt of a copy of this Stipulation.

9. Pursuant to Rule 13(b), the admissions contained herein are conditioned upon this Stipulation and recommendation being accepted by the Court.

Based upon the records, files and proceedings herein, and the stipulation of the parties,

IT IS HEREBY ORDERED:

1. Respondent B.J. Loftsgaarden is publicly reprimanded pursuant to Minn.R. Law.Prof.Resp. 15(a).

2. Within 15 days of the date of this order, the respondent shall pay to the petitioner $500 in costs pursuant to Minn.R. Law.Prof.Resp. 24(a).